### BAILEY *vs.* HASTINGS & a.

In an action of trespass for mesne profits, the value of any improvements by the defendants, made prior to the plaintiff's writ of entry, and for which a claim might have been made in that action, cannot be proved as a set-off to the plaintiff's claim.

TRESPASS, to recover the rents and profits of a certain messuage, situated in Bath, in said county, into which the plaintiff

alleged that the defendants broke and entered on the 15th day of April, A. D. 1837, and ejected the plaintiff therefrom and held him out, and continued to occupy and improve the same until the 14th day of August, A. D. 1841, and averring the use and occupation to be worth $60.00 per year, &c.

Plea, the general issue.

On the trial it appeared that the plaintiff, on the 15th day of April, A. D. 1837, sued out a writ of entry against the defendants, to recover the premises in question, which writ was entered at the May term of this court, 1837, and such proceedings had thereon that on the 3d Tuesday of July, A. D. 1841, a judgment was rendered for the demandant, and a writ of possession was duly issued and executed on the 14th day of August, A. D. 1841, and that the defendants during all the said time did occupy and enjoy the premises, &c.

The defendants then offered to prove that in October, A. D. 1815, they entered into the land in question, then being sterile and unimproved, under what they supposed was a good and legal title, and prior to the said 15th day of April, 1837, had erected buildings and made great improvements thereon; and alleged that the jury should be instructed to value the improvements so made, and set off the same against whatever the plaintiff might be entitled to recover in this action; and to return a verdict for the defendants for such balance or excess as they might find the said improvements exceeded the value of the use and occupation.

But the court declined to admit the evidence for such a purpose, or so to instruct the jury, but ruled that any improvements made prior to the plaintiff's writ of entry, and for which a claim of "betterments" might have been made in that action, could not be proved as a set-off to the plaintiff's claim in this action. The jury returned a verdict for the plaintiff, and the defendants except to the foregoing ruling and determination of the court, and move, for that cause, that the verdict be set aside and a new trial granted.

*Livermore*, for the defendants. The case of *Jackson* vs. *Loomis*, 4 *Cowen* 168, is an authority for the position that in an

Bailey *v.* Hastings.

action for the mesne profits, the defendant may show that he has made betterments, and deduct them from the amount found due the plaintiff. 2 *Wash. C. C. R.* 165, *Hilton* vs. *Brown.* This is an equitable action, and it is not conscientious for the plaintiff, after getting the land, to keep the improvements and make no deduction from the mesne profits. 1 *Greenl.* 198 ; 6 *Mass.* 23.

A cumulative remedial statute does not take away the common law remedy. *Dwarris on Statutes* 639, where various cases are cited. We admit that the case of *Russell* vs. *Blake,* 2 *Pick.* 506, is against us on the point, but that decision is contrary to the whole current of the authorities. An action for mesne profits will not lie where the party has availed himself of the benefit of the betterments. 12 *Mass.* 314.

*Morrison,* for the plaintiff. At common law there is no such right as the defendants set up. *Runnington on Ejectment,* ch. 12. In an action for mesne profits, the plaintiff may recover his counsel fees, the costs of the ejectment, &c. *Co. Litt.* 257, 355, note 6 ; 3 *Bl. R.* 206 ; *Saund. on Pl. & Ev.* 670 ; 2 *Ch. Pl.* 389 (*note*) ; 2 *Leigh. N. P.* 953 ; 7 *B. & C.* 404 ; 4 *Taunt.* 459 ; 2 *Esp. N. P.* 76 ; 3 *Wilson* 118. No authority is to be found that a set-off may be made in such an action. As to the case cited in 4 *Cowen,* it may be remarked that there is no betterment law in New-York, and the decision is put on equitable grounds. But even that case would not authorize a set-off in such a case as the present. Where improvements are made before the plaintiff's title accrues, there can be no allowance for them. 1 *Johns. Cas.* 281.

Even if the value of the improvements is not allowed by way of set-off, it is said that the plaintiff has sustained no damage, and therefore should not recover. But our statute has made a provision of which, we say, the defendant should have availed himself, and as he has not done so, he is barred. But the statute goes upon the ground that such a right does not exist at common law. In *Withington* vs. *Corey,* 2 *N. H. Rep.* 119, it is intimated that a set-off cannot be allowed. Why should a defendant, whose occupation is wrongful, set up what he has done as

---

---

an answer to our suit? These improvements he has made in his own wrong. 7 *Greenl.* 386.

*Livermore,* in reply. This action is founded only on a fiction of law, and has only an equitable foundation. Why should it be made to operate inequitably? The plaintiff's fair and equitable damages, which he has sustained by the deforcement, only are to be recovered. He is to recover only remunerating, and not exemplary damages. This is an equitable action, and subject to equitable defences. *Adams on Ej.* 333.

GILCHRIST, J. Admitting for the present that this is an equitable action, and that the defendant may make an equitable defence to it by way of set-off, still, upon what ground can this defendant assert the right to set off the value of the improvements? The act provides that the increased value of the premises by virtue of the buildings and improvements shall be inquired into where the defendant holds the land by virtue of a supposed legal title under a *bonâ fide* purchase, and where the action is brought for the recovery of the lands or tenements. *N. H. Laws* 75, *Ed. of* 1830. If the defendant, when the writ of entry was brought, had been in possession for the period of six years, under a supposed legal title, he had an opportunity of availing himself of the equitable provision in the statute; and if he came within the act, and omitted to avail himself of its benefits, he has no reason to complain of the want of equity. The case of *Jackson* vs. *Loomis,* 4 *Cowen* 168, goes entirely upon equitable grounds, and in the absence of such a statute as ours perhaps the doctrine of it ought to prevail. But it is said, in *Withington* vs. *Corey,* 2 *N. H. Rep.* 117, that the mere compulsory provision in our act, that the demandant shall pay the value of the improvements before he can have possession, seems to countenance neither the idea of a release of the action of trespass, nor a set-off in any way against the mesne profits.

The defendant in this case was in possession as a tenant without right. As a general principle, applicable to this class of cases, it cannot be properly said that one may enter into land without

right, and make such improvements as he sees fit, and when he is called upon for the use of the property, reply that he has improved the land by the erection of buildings thereon, and thus force the owner to pay him for them. Such a rule would be a strong inducement to trespassers; it would be an approach to the position that A might take the land of B for his own use, upon paying its appraised value, and would be inequitable. As was said in *Russell* vs. *Blake*, 2 *Pick.* 507, the defendant would avail himself of the provisions of the *betterment law*, without having submitted, in the action which tried the right of possession, to the rules prescribed by the statute.

*Judgment on the verdict.*